Jordan D. Grotzinger (SBN CA 190166)
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800
grotzingerj@gtlaw.com

James N. Boudreau*
GREENBERG TRAURIG, LLP
1717 Arch Street, Suite 400
Philadelphia, PA 19103
(215) 988-7833
Boudreauj@gtlaw.com

Justin K. Victor*
GREENBERG TRAURIG, LLP
3333 Piedmont Road, NE Suite 2500
Atlanta, GA 30305
(678) 553-2100
Victorj@gtlaw.com

*Pro Hac Vice Motion Forthcoming

Attorneys for Defendant
REVANCE THERAPEUTICS, INC.

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GALDERMA LABORATORIES L.P., | CASE NO. 2:23-cv-02879-FLA-SK |
| Plaintiff, | The Hon. Fernando L. Aenlle-Rocha |
| v. | **DEFENDANT REVANCE THERAPEUTICS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT** |
| REVANCE THERAPEUTICS, INC., | |
| Defendant. | [*Filed Concurrently with [Proposed] Order; Request for Judicial Notice*] |
| | Date: July 14, 2023 |
| | Time: 1:30 p.m. |
| | Courtroom: 6B |

**PLEASE TAKE NOTICE** that on July 14, 2023, at 1:30 p.m., or as soon thereafter as counsel may be heard, before the Honorable Fernando L. Aenlle-Rocha, in Courtroom 6B, of the United States Courthouse, 350 W. 1st Street, Los Angeles, California 90012, Defendant Revance Therapeutics, Inc. will move under Federal Rule of Civil Procedure 12(b)(6) to dismiss the entire Complaint with prejudice. This motion is made on the ground that Plaintiff Galderma Laboratories, L.P. fails to plead a claim upon which relief may be granted.

This motion is made following the conference of counsel pursuant to L.R. 7-3, beginning on May 4, 2023. The motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Request for Judicial Notice and all attachments and exhibits thereto, all pleadings and papers on file in this case, and such additional authority and argument as may be presented at or before the time this motion is submitted.

DATED: May 18, 2023                    GREENBERG TRAURIG, LLP


                                       By  _/s/ Jordan D. Grotzinger_
                                       Jordan D. Grotzinger
                                       Attorneys for Defendant
                                       REVANCE THERAPEUTICS, INC.

DEFENDANT REVANCE THERAPEUTICS, INC.'S NOTICE OF
MOTION AND MOTION TO DISMISS COMPLAINT

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................. 1

II. RELEVANT BACKGROUND AND ALLEGATIONS ............................................. 2

    A. The Parties and Tisckos' Employment with Galderma ..................................... 2

    B. Tisckos' Alleged Actions Upon Departing Galderma ..................................... 3

    C. The Tisckos Action and the Extensive Non-Party Discovery Revance Provided.................................................................................................. 3

    D. The Third-Party Neutral Exculpates Revance.................................... 4

III. MOTION TO DISMISS STANDARD OF REVIEW ................................................. 4

IV. THE COURT SHOULD DISMISS EACH CLAIM ................................................ 5

    A. Galderma's Trade Secret Claims (Counts I and II) Fail ..................................... 5

        1. *Galderma Fails to Plausibly Allege Misappropriation.*............................5

        2. *Galderma Fails to Identify Its Trade Secrets with Sufficient Particularity.* .......................................................................8

    B. Galderma's Claims for Inducing Breach of Contract and Interference (Counts III and IV) Fail as a Matter of Law ................................................. 10

        1. *The CUTSA Preempts Counts III and IV.* ................................... 10

        2. *The Noncompete Is Unenforceable.* ................................... 12

        3. *Galderma Fails to Plausibly Allege Revance Knew About the Noncompete.* ................................................................ 14

        4. *Galderma Fails to Allege Legally Cognizable Resulting Damages.*......15

        5. *Count IV—Interference with Contractual Relations—Fails Because Galderma Does Not Allege Independently Wrongful Conduct.* .............16

    C. Galderma Does Not Plead a Plausible CDAFA Claim (Count V).................. 17

        1. *Galderma Does Not Allege Revance Actively Participated.* ................... 17

        2. *Necessary Mens Rea Is Lacking.*.......................................17

        3. *Galderma Does Not Allege or Identify Tangible Harm or Loss.* ..........18

i

V.   CONCLUSION.........................................................................................19

DEFENDANT REVANCE THERAPEUTICS, INC.'S NOTICE OF
MOTION AND MOTION TO DISMISS COMPLAINT

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acrisure of Cal., LLC v. SoCal Commer. Ins. Servs.*,
  No. CV 18-10187-CJC(ADSx), 2019 U.S. Dist. LEXIS 170027 (C.D. Cal.
  Mar. 27, 2019) ........................................................................................... 8

*Alta Devices, Inc. v. LG Elecs., Inc.*,
  343 F. Supp. 3d 868 (N.D. Cal. 2018) ...................................................... 5

*Am. Student Fin. Grp., Inc. v. Aequitas Capital Mgmt.*,
  No. 12-cv-2446-CAB (JMA), 2015 U.S. Dist. LEXIS 193979 (S.D. Cal.
  Feb. 12, 2015) ........................................................................................... 9

*AMN Healthcare, Inc. v. Aya Healthcare Services, Inc.*,
  28 Cal. App. 5th 923 (2018) ..................................................................... 14

*Anokiwave, Inc. v. Rebeiz*,
  No. 18-CV-629 JLS (MDD), 2018 U.S. Dist. LEXIS 158346 (S.D. Cal.
  Sep. 17, 2018) ........................................................................................... 11

*Apple, Inc. v. Samsung Elecs. Co.*,
  No. 11-CV-01846-LHK, 2012 U.S. Dist. LEXIS 149820 (N.D. Cal. Oct.
  17, 2012) ................................................................................................... 10

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .............................................................................. 4, 5

*Attia v. Google, LLC*,
  983 F.3d 420 (9th Cir. 2020) .................................................................... 5

*Becton, Dickinson & Co. v. Cytek Biosciences Inc.*,
  No. 18-cv-00933-MMC, 2018 U.S. Dist. LEXIS 85121
  (N.D. Cal. May 21, 2018) ................................................................ 9, 10, 12

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................. 4

*Brown v. TGS Management Co., LLC*,
  57 Cal. App. 5th 303 (2020) .............................................................. 13, 14

DEFENDANT REVANCE THERAPEUTICS, INC.'S NOTICE OF
MOTION AND MOTION TO DISMISS COMPLAINT

*Cal. Capital Ins. Co. v. Enstar Holdings US LLC,*
    No. 2:20-cv-07806-ODW, 2022 U.S. Dist. LEXIS 70285 (C.D. Cal. Apr.
    15, 2022) ........................................................................................................ 12

*Cisco Systems, Inc. v. Chung,*
    462 F. Supp. 3d 1024 (N.D. Cal. 2020) ........................................................ 11

*Claridge v. RockYou, Inc.,*
    785 F. Supp. 2d 855 (N.D. Cal. 2011) .......................................................... 17

*Cole Asia Bus. Ctr., Inc. v. Manning,*
    No. CV 12-00956 DDP, 2013 U.S. Dist. LEXIS 85818 (C.D. Cal. June
    18, 2013) ........................................................................................................ 10

*CRST Van Expedited, Inc. v. Werner Enters., Inc.,*
    479 F.3d 1099 (9th Cir. 2007) ...................................................................... 16

*Davis v. Nadrich,*
    174 Cal. App. 4th 1 (2009) ............................................................................ 14

*DC Comics v. Pac. Pictures Corp.,*
    938 F. Supp. 2d 941 (C.D. Cal. 2013) .......................................................... 16

*Dryden v. Tri-Valley Growers,*
    65 Cal. App. 3d 990 (1977) ........................................................................... 15

*Edwards v. Arthur Andersen LLP,*
    44 Cal. 4th 937 (2008) ................................................................................... 13

*Emergy Inc. v. Better Meat Co.,*
    No. 2:21-cv-02417-KJM-CKD, 2022 U.S. Dist. LEXIS 186663 (E.D. Cal.
    Oct. 11, 2022) ................................................................................................ 11

*Franklin v. Dynamic Details, Inc.,*
    116 Cal. App. 4th 375 (2004) ........................................................................ 15

*Galderma Labs., L.P. v. Chad Tisckos,*
    No. 2:21-cv-05522-FLA (C.D. Cal.) .................................................... *passim*

*Genentech, Inc. v. JHL Biotech, Inc.,*
    No. C 18-06582 WHA, 2019 U.S. Dist. LEXIS 36140 (N.D. Cal. Mar. 1, 2019) .......... 7

*Gonzales v. Uber Techs., Inc.,*
    305 F. Supp. 3d 1078 (N.D. Cal. 2018) ........................................................ 18

iv

*Harris v. Cnty. of Orange*,
  682 F.3d 1126 (9th Cir. 2012) ........................................................................... 3

*Heller v. Cepia, L.L.C.*,
  No. C 11-01146 JSW, 2012 U.S. Dist. LEXIS 660
  (N.D. Cal. Jan. 4, 2012) ........................................................................... 5, 6, 11

*Ixchel Pharma, LLC v. Biogen, Inc.*,
  9 Cal. 5th 1130 (2020) ............................................................................... 13

*Johnson Controls, Inc. v. Therma, LLC*,
  No. SACV 18-00636, 2018 U.S. Dist. LEXIS 226239 (C.D. Cal. Aug. 17, 2018) ...... 11

*K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*,
  171 Cal. App. 4th 939 (2009) ................................................................... 10, 11

*Kimera Labs Inc. v. Jayashankar*,
  No. 21-cv-2137-MMA (DDL), 2022 U.S. Dist. LEXIS 192025
  (S.D. Cal. Oct. 20, 2022) ............................................................................ 5, 6

*Kwan v. SanMedica Int'l*,
  854 F.3d 1088 (9th Cir. 2017) ........................................................................ 4

*Lenhoff Enters. v. United Talent Agency, Inc.*,
  729 F. App'x 528 (9th Cir. 2018) ................................................................... 16

*Mattel, Inc. v. MGA Entm't, Inc.*,
  782 F. Supp. 2d 911 (C.D. Cal. 2011) ............................................................ 11

*Nelson Bros. Prof'l Real Estate LLC v. Jaussi*,
  No. SA CV 17-0158-DOC, 2017 U.S. Dist. LEXIS 237901
  (C.D. Cal. June 27, 2017) ........................................................................... 11

*Nowak v. XAPO, Inc.*,
  No. 5:20-cv-03643-BLF, 2020 U.S. Dist. LEXIS 219575
  (N.D. Cal. Nov. 20, 2020)............................................................................ 17

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
  399 F. Supp. 2d 1064 (N.D. Cal. 2005)......................................................... 6, 7

*Pellerin v. Honeywell Int'l, Inc.*,
  877 F. Supp. 2d 983 ..................................................................................... 6

DEFENDANT REVANCE THERAPEUTICS, INC.'S NOTICE OF
MOTION AND MOTION TO DISMISS COMPLAINT

*Perkins v. LinkedIn Corp.*,
   53 F. Supp. 3d 1190 (N.D. Cal. 2014) .......................................................... 18

*Reeves v. Hanlon*,
   33 Cal. 4th 1140 (2004) .............................................................................. 16

*Ritchie v. United States*,
   210 F. Supp. 2d 1120 (N.D. Cal. 2002) ...................................................... 16

*Roy Allan Slurry Seal, Inc. v. Am. Asphalt South, Inc.*,
   2 Cal. 5th 505 (2017) .................................................................................. 15

*Seaman's Direct Buying Serv., Inc. v. Standard Oil Co.*,
   36 Cal. 3d 752 (Cal. 1984), *overruled on other grounds by Freeman &*
   *Mills, Inc. v. Belcher Oil Co.*, 11 Cal. 4th 85 (Cal. 1995) ........................... 15

*Spy Dialer, Inc. v. Reya LLC*,
   No. ED CV 18-1178 FMO, 2018 U.S. Dist. LEXIS 132178 (C.D. Cal.
   July 26, 2018) ............................................................................................. 18

*Stereoscope, Ltd. Liab. Co. v. U.S. Bank Nat'l Ass'n*,
   675 F. App'x 725 (9th Cir. 2017) ................................................................ 16

*Sunbelt Rentals, Inc. v. Victor*,
   43 F. Supp. 3d 1026 (N.D. Cal. 2014) ........................................................ 17

*Swipe & Bite, Inc. v. Chow*,
   147 F. Supp. 3d 924 (N.D. Cal. 2015) ........................................................ 14

*Ticketmaster L.L.C. v. Prestige Entm't W., Inc.*,
   315 F. Supp. 3d 1147 (C.D. Cal. 2018) ...................................................... 17

*United Nat'l Maint., Inc. v. San Diego Convention Ctr., Inc.*,
   766 F.3d 1002 (9th Cir. 2014) .................................................................... 12

*Vanguard Logistics Servs. USA Inc. v. Groupage Servs. of New England,*
   *LLC*, No. CV 18-0517 DSF, 2022 U.S. Dist. LEXIS 92247
   (C.D. Cal. Feb. 8, 2022) .............................................................................. 12

*Wang v. Palo Alto Networks, Inc.*,
   No. C 12-05579 WHA, 2013 U.S. Dist. LEXIS 14109 (N.D. Cal. Jan. 31, 2013) ..... 7, 8

**Statutes**

18 U.S.C. § 1839(5)(B) ................................................................................... 7

Cal. Bus. & Prof. Code § 16600 .............................................................. 13, 14

Cal. Civ. Code § 3426.1(b) ............................................................................. 5

Cal. Civ. Code § 3426.7 ................................................................................ 10

Cal. Civ. Proc. Code § 339(1) ....................................................................... 16

Cal. Penal Code § 502(c)(6) ........................................................................... 18

Cal. Penal Code § 502(e)(1) ........................................................................... 18

California Computer Data Access and Fraud Act .................................. 2, 17, 18

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ............................................................................. 4, 16

Fed. R. Civ. P. 8(a)(2) .................................................................................... 4

L.R. 11-6.1 ................................................................................................... 19

DEFENDANT REVANCE THERAPEUTICS, INC.'S NOTICE OF
MOTION AND MOTION TO DISMISS COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Having unsuccessfully tried to add Defendant Revance Therapeutics, Inc. as a party in a related trade secret case pending in this Court (*Galderma Labs., L.P. v. Chad Tisckos*, No. 2:21-cv-05522-FLA (SKx), (C.D. Cal.) (the "Tisckos Action")), Plaintiff Galderma Laboratories, L.P. filed this separate suit against Revance. Galderma's "new" Complaint is as deficient as the one this Court rejected in the Tisckos Action. In fact, the *absence* of certain allegations in the Complaint is more noteworthy than those contained in it. After years of litigation, intense discovery among the parties and nonparty Revance, including court-ordered computer forensics of which Galderma deliberately makes no mention, Galderma has still failed to connect or tie Tisckos' alleged wrongdoing to Revance.[1]

Chad Tisckos is a former Galderma employee who moved to Revance on April 1, 2021. Galderma devotes pages to describing the files Tisckos (not Revance) allegedly accessed and/or copied during his Galderma employment and the purported value those files might offer a competitor. But despite Galderma's incredible level of access to proof over two years of discovery, numerous subpoenas and depositions, the trove of documents Revance produced in response to subpoenas, and the Court engaging a neutral third-party forensic examiner, Galderma does not and cannot allege a single file containing Galderma information made its way to Revance's systems.[2] Nor is there any allegation that Revance used or disclosed any Galderma information Tisckos allegedly disclosed to Revance. Accordingly, the Complaint does not state a viable claim for trade secret misappropriation.

The same nucleus of empty allegations on which Galderma bases its trade secret claims underpins its three other claims for alleged interference with and/or inducement of

---

[1] Revance says "tellingly" because the computer forensics established unequivocally that Tisckos did not electronically transmit any Galderma trade secrets/confidential information to Revance.

[2] Galderma has heavily redacted the Complaint, presumably hoping a casual reader will interpret the sheer number of redactions as proof the Complaint contains more heft than it does.

DEFENDANT REVANCE THERAPEUTICS, INC.'S NOTICE OF
MOTION AND MOTION TO DISMISS COMPLAINT

Tisckos' breach of his contractual obligations to Galderma and aiding and abetting his alleged violation of the California Computer Data Access and Fraud Act, a criminal anti-hacking statute. Whatever the precise cause of action asserted though, the Court should see the Complaint for what it is: an overreach aimed at chilling employee mobility and stifling competition through abusive litigation tactics.[3] California courts do not countenance such pleading, and the Court should dismiss the Complaint.

## II.   RELEVANT BACKGROUND AND ALLEGATIONS[4]

### A. The Parties and Tisckos' Employment with Galderma

"Galderma is a pharmaceutical company specializing in the research, development and marketing of dermatological treatments." Dkt. 4, Complaint ("Compl.") ¶ 5. Revance, a Galderma competitor, similarly operates in the aesthetics industry. *See id.* ¶¶ 3, 39. From 2014 to April 1, 2021, Tisckos worked for Galderma. *Id.* ¶ 17. As a condition of Tisckos' employment, Galderma required Tisckos to sign a Non-Disclosure, Non-Competition, and Non-Solicitation Agreement ("Non-Compete"). *See id.* ¶¶ 13-15. At the time of his Galderma resignation, he worked as a Senior Account Manager—a position that involved selling Galderma products within a defined territory (Beverly Hills). *Id.* ¶ 18.

Effective April 1, 2021, Tisckos voluntarily left his Galderma employment and began work for Revance. *Id.* ¶¶ 20, 25. Although he performs essentially the same role at Revance as at Galderma, he covers a different territory at Revance (Pasadena) than he covered at Galderma (Beverly Hills). *See id.* ¶¶ 18, 50.

---

[3] For years, Galderma has had employees sign Non-Disclosure, Non-Competition, and Non-Solicitation Agreements irrespective of the employees' state of residence. The form Agreement admittedly includes myriad one-sided and oppressive provisions that are void in California. Yet Galderma continues to try to enforce the Agreement's provisions selectively against former employees, knowing such individuals cannot or will not take on the fight (largely due to the Agreement's oppressive and one-sided fee shifting provision). There is only one consistency throughout Galderma's tactics: the suppression of employee mobility and dampening of lawful competition.

[4] Revance assumes for purposes of this Motion only that the factual allegations, reproduced from the Complaint, are true. Revance notes, however, most of the allegations are not true.

DEFENDANT REVANCE THERAPEUTICS, INC.'S NOTICE OF
MOTION AND MOTION TO DISMISS COMPLAINT

### B. Tisckos' Alleged Actions Upon Departing Galderma

According to Galderma, before Tisckos left Galderma, he forwarded emails from his Galderma email account to his personal email account, including a spreadsheet with customer contact information. *Id.* ¶ 33(c). Galderma also alleges that, during his employment, Tisckos downloaded certain Galderma files and connected a Flash Drive to his Galderma-issued laptop. *Id.* ¶ 33(f), ¶ 33(g). After he resigned on April 1, 2021, Galderma claims Tisckos took a photograph of one unidentified document. *Id.* ¶ 40. Based on the timing of Tisckos' actions (allegedly close to his separation), Galderma speculates that Tisckos took this information for Revance's benefit. *Id.* ¶ 41.

On June 3, 2021, two months into Tisckos' Revance employment, Galderma sent Revance a letter seeking Revance's cooperation to ensure Tisckos did not transmit any Galderma information to Revance. *Id.* ¶ 44. Revance responded, stating it conducted a "forensic examination and did not find any Galderma information on Revance systems and/or cloud-based storage." *Id.* ¶ 47. Revance's response further stated Tisckos "has not transferred or copied such to any Revance system." *Id.* ¶ 47. More than one year later, a court-ordered neutral forensic search of Tisckos' Revance-issued devices for "Agreed Filenames" revealed the only hits were documents/file-listings filed in this lawsuit. Request for Judicial Notice, Exhibit A (Tisckos Action, Dkt. 188-2 (Ackert Decl.)).[5]

### C. The Tisckos Action and the Extensive Non-Party Discovery Revance Provided

As noted above, on June 7, 2021, Galderma sued Tisckos, asserting the same claims it now asserts against Revance. The Tisckos Action involved extensive discovery of Revance, notwithstanding its nonparty status. Specifically, Galderma issued five subpoenas to Revance containing a total of 61 Requests for Production. Request for Judicial Notice, Exhibit B (Tisckos Action, Dkt. 182-3 (Declaration of Justin K. Victor, ¶ 13)). In addition, Galderma deposed Revance over two full days. *See id.* ¶ 14.

---

[5] A court may take judicial notice of court filings and other matters of public record. *See Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

DEFENDANT REVANCE THERAPEUTICS, INC.'S NOTICE OF
MOTION AND MOTION TO DISMISS COMPLAINT

In addition to extensive written discovery and multiple days of depositions, per instruction of Magistrate Judge Steve Kim, Revance made devices it issued to Tisckos and cloud storage to which he had access available to Julian Ackert, the court-appointed neutral forensic analyst (the "Neutral"). Request for Judicial Notice, Exhibit C (Tisckos Action, Dkt. 127). Per Judge Kim, the Neutral evaluated "whether and to what extent disputed Galderma confidential information may have been transferred to or used on Revance data sources that Tisckos had access to after leaving Galderma and starting work at Revance." *Id.* ¶ 2. Judge Kim instructed the Neutral to search Tisckos' Revance laptop for: (1) agreed upon filename terms ("Agreed Filenames"); and (2) evidence of transmission of Galderma confidential information to Revance.

### D. The Third-Party Neutral Exculpates Revance

The neutral forensic search proved exculpatory for Revance. On December 14, 2022, the Neutral said that only 36 documents on Revance's devices were tagged as potentially confidential business documents, **and all but one such "tag" was a false positive**. Ex. A, p. 55. The single positive hit was a personal document related to Tisckos' daughter, which Revance had already produced to Galderma. *Id.* at 56. Thus, the forensic examination confirmed what Revance had already told Galderma: **Revance did not possess or receive any of Galderma's confidential or proprietary documents and/or data from Tisckos.**

### III.   MOTION TO DISMISS STANDARD OF REVIEW

Pursuant to FED. R. CIV. P. 12(b)(6), a court must dismiss a complaint when, even accepting its well-pleaded allegations as true, the asserted claims either fail to allege a cognizable legal theory or fail to allege sufficient facts to support a cognizable legal theory. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017). Said another way, to survive a Rule 12(b)(6) motion, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Because a plaintiff must plead sufficient facts, it cannot avoid dismissal with conjecture, "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550

U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . ."). Instead, a complaint must include actual allegations of fact that, if true, show the plaintiff is entitled to relief under the liability theory alleged. Where, as here, the well-pleaded facts merely allow a court to infer the possibility of misconduct, "the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)) (alteration in original).

## IV.   THE COURT SHOULD DISMISS EACH CLAIM

### A. Galderma's Trade Secret Claims (Counts I and II) Fail.

In Counts I and II, Galderma alleges Revance misappropriated Galderma's trade secrets, violating the Defend Trade Secrets Act and California Uniform Trade Secrets Act. Galderma fails to plausibly allege misappropriation or properly identify any trade secrets.

#### 1.   *Galderma Fails to Plausibly Allege Misappropriation.*

"To state a claim for trade secret misappropriation under the DTSA and the CUTSA, [Galderma] must allege: (1) it owned a trade secret; (2) [Revance] misappropriated the trade secret; and (3) [Revance's] actions damaged the plaintiff." *Alta Devices, Inc. v. LG Elecs., Inc.*, 343 F. Supp. 3d 868, 877 (N.D. Cal. 2018) (internal quotation marks omitted). Misappropriation is defined as: (1) "the 'acquisition of a trade secret' of another by a person who knows or has reason to know that the trade secret was acquired by improper means;' (2) the disclosure of a trade secret without the owner's consent; and (3) the use of a trade secret without the owner's consent." *Attia v. Google, LLC*, 983 F.3d 420, 424 (9th Cir. 2020) ((quoting 18 U.S.C. § 1839(5)(A), (5)(B))).[6]

"Courts distinguish between direct trade secret misappropriation claims and indirect trade secret misappropriation claims, depending on whether the plaintiff alleges the defendant obtained the trade secrets directly from the plaintiff or indirectly 'from someone other than plaintiff.'" *Kimera Labs Inc. v. Jayashankar*, No. 21-cv-2137-MMA (DDL), 2022 U.S. Dist. LEXIS 192025, at *24 (S.D. Cal. Oct. 20, 2022) (quoting *Heller v. Cepia,*

---

[6] CUTSA's definition is substantially similar. *See* Cal. Civ. Code § 3426.1(b).

*L.L.C.*, No. C 11-01146 JSW, 2012 U.S. Dist. LEXIS 660, at *17 (N.D. Cal. Jan. 4, 2012)). Galderma only alleges indirect misappropriation, through Tisckos. *See, e.g.*, Compl. ¶ 26 (alleging Tisckos' concealment of interviews with Revance "allowed Tisckos to continue to exploit Galderma's confidential information") (emphasis added); *id.* ¶¶ 19, 30-31, 33, 56.

Indirect misappropriation includes the disclosure or use of a trade secret of another when "at the time of disclosure or use," the person "knew or had reason to know that the knowledge of the trade secret was . . . derived from or through a person who owed a duty to the person seeking relief to maintain the secrecy of the trade secret or limit the use of the trade secret." *Kimera Labs Inc.*, 2022 U.S. Dist. LEXIS 192025, at *24 (quoting 18 U.S.C. § 1839(5)(B)).

Here, Galderma fails to satisfy the elements of an indirect trade secret misappropriation claim for two reasons. First, Galderma does not allege Revance disclosed or used its trade secrets. At most, Galderma alleges Tisckos shared certain Galderma information with Revance. For instance, in Paragraphs 53 and 54, Galderma asserts on April 13, 2021, Tisckos disclosed information regarding Galderma's ASPIRE program and its sampling practices and, that same day, disclosed certain competitive intelligence with his supervisor. Compl. ¶¶ 53, 54. These allegations, however, show only that Tisckos may have revealed certain Galderma information to Revance—not that Revance ever disclosed or used the information.

These allegations do not suffice; possession alone does not constitute misappropriation. *See Kimera Labs Inc.*, 2022 U.S. Dist. LEXIS 192025, at *24 ("Both state and federal courts in California have held that a plaintiff must prove more than a defendant's mere possession of trade secrets.") (citations omitted); *Pellerin v. Honeywell Int'l, Inc.*, 877 F. Supp. 2d 983, 989 (S.D. Cal. 2012 (stating allegations of acquisition of, and access to, trade secrets by themselves "insufficient to establish misappropriation"). Neither does mere internal discussion of a trade secret constitute use. *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 399 F. Supp. 2d 1064, 1072 (N.D. Cal. 2005) (stating "mere internal

DEFENDANT REVANCE THERAPEUTICS, INC.'S NOTICE OF
MOTION AND MOTION TO DISMISS COMPLAINT

discussion within the company of a trade secret . . ." does not constitute "use" of a trade secret).

*Second*, even assuming Galderma plausibly alleges Revance misappropriated Galderma's trade secret, it still fails to allege the knowledge necessary to sustain an indirect trade secret misappropriation claim—specifically that Revance "knew or had reason to know" the information was a trade secret or that Tisckos violated a duty of confidentiality by disclosing it. 18 U.S.C. § 1839(5)(B). Galderma tries to discharge its obligation by concluding, without factual support, that "Revance knew or should have known that Tisckos had obtained the [unspecified] information through improper means." Compl. ¶ 57. But the topics and email discussed in Paragraphs 53 and 54—competitive intelligence, contracts, sampling practices, and a loyalty program (ASPIRE)—are run-of-the-mill subjects for discussion amongst competitors. They are certainly not worthy of trade secret protection (particularly where details are readily available on the internet (*see, e.g.*, ASPIRE Galderma Rewards, http://aspirerewards.com (last visited May 18, 2023)). Regardless, Galderma fails to allege that Revance knew or had reason to know any information Tisckos possessed was trade secret as opposed to just valuable or confidential. Nor does Galderma allege any facts showing Revance knew or had reason to know that Tisckos, by allegedly discussing these topics, breached some duty of confidentiality. Indeed, the discussions and emails Galderma references occurred in early April 2021, predating Galderma's June 3, 2021 letter to Revance by two months.

Galderma's cases are distinguishable from others finding knowledge present. For instance, in *Genentech, Inc. v. JHL Biotech, Inc.*, No. C 18-06582 WHA, 2019 U.S. Dist. LEXIS 36140 (N.D. Cal. Mar. 1, 2019), the defendant received a report "clearly labeled" "CONFIDENTIAL," with the words "Confidential" and "Internal Only" appearing at the bottom of the cover page. *Id.*, at *33. Similarly, in *Wang v. Palo Alto Networks, Inc.*, No. C 12-05579 WHA, the parties discussed technology underlying a pending patent. The court held that, because patent applications "are usually confidential until published, it [wa]s reasonable to infer" the defendant should have known the information obtained was trade

DEFENDANT REVANCE THERAPEUTICS, INC.'S NOTICE OF
MOTION AND MOTION TO DISMISS COMPLAINT

secret. 2013 U.S. Dist. LEXIS 14109, at *7 (N.D. Cal. Jan. 31, 2013). Here, however, the alleged trade secrets concern a more general and innocuous topic: competitive intelligence. Because the Complaint fails to plead Revance had the requisite knowledge to prove indirect trade secret misappropriation, the Court should dismiss Counts I and II.

2. *Galderma Fails to Identify Its Trade Secrets with Sufficient Particularity.*

To sustain a CUTSA and DTSA claim, Galderma must also describe the trade secrets allegedly misappropriated "with sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the secret lies." *Acrisure of Cal., LLC v. SoCal Commer. Ins. Servs.*, No. CV 18-10187-CJC(ADSx), 2019 U.S. Dist. LEXIS 170027, at *7 (C.D. Cal. Mar. 27, 2019) (quoting *Altavion, Inc. v. Konica Minolta Sys. Lab., Inc.*, 226 Cal. App. 4th 26, 43-44 (2014)). Galderma must do more than just plead "broad, categorical terms, [that are] more descriptive of the types of information that generally may qualify as protectable trade secrets." *Vendavo, Inc. v. Price f(x) AG*, No. 17-cv-06930-RS, 2018 U.S. Dist. LEXIS 48637, at *9 (N.D. Cal. Mar. 23, 2018). Rather, to survive Revance's Motion, Galderma must allege specifically what the allege trade secrets are so neither Revance nor this Court must guess what Galderma is suing over.

Here, Galderma's allegations describe nothing that qualifies as trade secret. For example, Galderma says it "has a unique 'Collaborate Program'" where, "[r]ather than buy a skin care company or line, [it] engages in Collaborations," which include information as to "who Galderma partners with" and "who is taking advantage of these Collaborations." Compl. ¶ 34. Galderma relatedly contends its "marketing" constitutes a trade secret because the "information contained in th[o]se files" includes "Galderma's structure, its top sales representatives, where it has business opportunities, and its salesforce," such that "[a] person taking these files could use them to recruit Galderma's employees." *Id.* ¶¶ 38-39. Galderma similarly alleges that its "promotional files" are trade secret. It claims they

DEFENDANT REVANCE THERAPEUTICS, INC.'S NOTICE OF
MOTION AND MOTION TO DISMISS COMPLAINT

include "data relating to who is purchasing and selling Galderma promotions" and "show who is getting . . . codes related to Galderma's consumer loyalty program." *Id.* ¶ 37. In Paragraphs 60 and 71, Galderma alleges it "owns and possesses trade secret information as set forth above, including documents containing confidential and valuable information regarding supply pricing, contract terms, product development plans, market pricing strategies, and sales plans." At other points, Galderma lists categories of trade secrets after the phrase "including but not limited to," signifying it is not an exhaustive list. *Id.* ¶ 8. These descriptions do not adequately identify the trade secrets on which Galderma bases its claims. Rather, they are "broad, categorical terms [] descriptive of the types of information that generally *may* qualify as protectable trade secrets . . . .," which are undeniably legally insufficient. *Vendavo, Inc.*, 2018 U.S. Dist. LEXIS 48637, at *9; *see Becton, Dickinson & Co. v. Cytek Biosciences Inc.*, No. 18-cv-00933-MMC, 2018 U.S. Dist. LEXIS 85121, at *7 (N.D. Cal. May 21, 2018) (rejecting as "too broad[]" categories of information because they do not "identify the trade secrets on which [plaintiff]'s claims are based"). Courts have also rejected parties' use of the word "including" before trade secret material as insufficiently descriptive. This pleading tactic "leav[es] the allegation ambiguous as to whether [a plaintiff]'s claim is based on additional information." *Id.*, at *8 n.6. Galderma's pleading deficiency is even more pronounced because Galderma never defines what it means by "trade secret," and commingles the nebulous term "confidential information" with "trade secret" throughout the Complaint. But only misappropriation of a trade secret can support a DTSA and CUTSA claim—misappropriation of confidential information does not. *See Am. Student Fin. Grp., Inc. v. Aequitas Capital Mgmt.*, No. 12-cv-2446-CAB (JMA), 2015 U.S. Dist. LEXIS 193979, at *27-28 (S.D. Cal. Feb. 12, 2015) ("While all trade secrets are confidential, not all confidential information is a trade secret.").

In sum, the allegations fail to provide the requisite specificity the CUTSA and the DTSA demand, making it nearly impossible for Revance to identify the purported trade secrets at issue. Accordingly, even in the instances in which Galderma attempts to describe

DEFENDANT REVANCE THERAPEUTICS, INC.'S NOTICE OF
MOTION AND MOTION TO DISMISS COMPLAINT

its trade secrets (but fails to tie that to Revance's misappropriation), it fails to establish the material qualifies as a trade secret. Counts I and II fail for this reason as well.[7]

## B. Galderma's Claims for Inducing Breach of Contract and Interference (Counts III and IV) Fail as a Matter of Law.

In Counts III and IV, Galderma alleges claims for inducement of a breach of contract and tortious interference with a contract. The crux of both claims is that Revance bears legal responsibility for Tisckos' alleged breach of the Noncompete. For multiple reasons discussed below, both claims fail.

### 1. The CUTSA Preempts Counts III and IV.

The CUTSA preempts all common law claims to the extent they arise from "the same nucleus of facts as trade secret misappropriation." *K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*, 171 Cal. App. 4th 939, 962 (2009) (stating CUTSA "implicitly preempts alternative civil remedies based on trade secret misappropriation."); *see* Cal. Civ. Code § 3426.7. It does not matter that a "non-CUTSA claim requires the pleading of different elements than the CUTSA claim;" the only question is whether the nature of the alleged wrongdoing is similar—i.e., the taking or misuse of confidential information. *Becton, Dickinson & Co.*, 2018 U.S. Dist. LEXIS 246962, at *12.

Galderma expressly bases Counts III and IV on Revance's conduct inducing Tisckos to misappropriate or misuse Galderma's alleged trade secrets and information. *See* Compl. ¶¶ 85 ("Revance intended for Tisckos to breach his contractual duties to Galderma so that Revance could obtain the benefit of Galderma's information."); ¶ 91 (similar). Accordingly,

---

[7] Galderma publicly filed certain alleged trade secret information in the Tisckos Action, where it remained on the public docket for 13 days. *See* Request for Judicial Notice, Exhibit D (Tisckos Action, Dkt. 194). This means such information has lost its trade secret status, precluding Galderma from relying on it to support its claims. *See Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2012 U.S. Dist. LEXIS 149820, at *27 (N.D. Cal. Oct. 17, 2012) ("When the information is publicly filed, what once may have been trade secret no longer will be."); *see also Cole Asia Bus. Ctr., Inc. v. Manning*, No. CV 12-00956 DDP (CWx), 2013 U.S. Dist. LEXIS 85818, at *10 (C.D. Cal. June 18, 2013) ("Trade secret protection may be lost or terminated by public disclosure.").

DEFENDANT REVANCE THERAPEUTICS, INC.'S NOTICE OF
MOTION AND MOTION TO DISMISS COMPLAINT

the claims arise from "the same nucleus of facts as trade secret misappropriation" and CUTSA preempts them. *K.C. Multimedia, Inc.*, 171 Cal. App. 4th at 962; *see also Emergy Inc. v. Better Meat Co.*, No. 2:21-cv-02417-KJM-CKD, 2022 U.S. Dist. LEXIS 186663, at *30 (E.D. Cal. Oct. 11, 2022) (finding CUTSA preempts inducement to breach of contract claim and tortious interference claim); *Cisco Systems, Inc. v. Chung*, 462 F. Supp. 3d 1024, 1058-59 (N.D. Cal. 2020) (dismissing interference with contractual relations claim based on misappropriation of client list because plaintiff "cite[d] the same 'scheme' . . . that it proffered to support its trade secret misappropriation claims").[8]

That neither claim invokes the phrase "trade secret" makes no difference. CUTSA "supersedes claims based on the misappropriation of confidential information, whether or not that information meets the statutory definition of a trade secret." *Mattel, Inc. v. MGA Entm't, Inc.*, 782 F. Supp. 2d 911, 987 (C.D. Cal. 2011); *Anokiwave, Inc. v. Rebeiz*, No. 18-CV-629 JLS (MDD), 2018 U.S. Dist. LEXIS 158346, at *9-12 (S.D. Cal. Sep. 17, 2018) (holding CUTSA preempted breach of fiduciary duty claim premised on misuse of "Proprietary Information," noting "there would be no alleged breach if [defendant] had disclosed non-confidential information. Thus, the claim does depend on the existence and disclosure of proprietary information."); *Johnson Controls, Inc. v. Therma, LLC*, No. SACV 18-00636 AG (KESx), 2018 U.S. Dist. LEXIS 226239, at *9 (C.D. Cal. Aug. 17, 2018) (dismissing "all" tort claims premised on "access and use" of plaintiff's "confidential information" as CUTSA-preempted); *Heller v. Cepia, L.L.C.*, No. C 11-01146 JSW, 2012 U.S. Dist. LEXIS 660, at *22 (N.D. Cal. Jan. 4, 2012) ("[Plaintiff]'s common law claims against [defendant] premised on the wrongful taking and use of confidential business and proprietary information, regardless of whether such information constitutes trade secrets, are superseded by the CUTSA.").

---

[8] Galderma fails to delineate which allegations support these claims versus the trade secret claims, which itself requires dismissal. *See Nelson Bros. Prof'l Real Estate LLC v. Jaussi*, No. SA CV 17-0158-DOC (JCGX), 2017 U.S. Dist. LEXIS 237901, at *23-24 (C.D. Cal. June 27, 2017) (reference to "'wrongful actions' is too vague for the [c]ourt to conclude that this claim is not premised on the misappropriation of trade secrets").

DEFENDANT REVANCE THERAPEUTICS, INC.'S NOTICE OF
MOTION AND MOTION TO DISMISS COMPLAINT

Should Galderma try to save Counts III and IV by arguing Tisckos' failure to return certain information renders Revance liable for the alleged torts, the Court should reject such arguments. In *Becton, Dickinson & Co.*, to avoid CUTSA preemption, Becton argued the individual defendants violated their obligation to return plaintiff's property. 2018 U.S. Dist. LEXIS 246962, at *14. The court rejected Becton's argument, determining "[t]he only reasonable inference that can be drawn from such allegation is that Becton's claim, to the extent so alleged, is based on the Individual Defendants' misappropriation of Becton's trade secrets." *Id.*, at *14-15 (citing *K.C. Multimedia, Inc.*, 171 Cal. App. 4th at 961).

### 2. *The Noncompete Is Unenforceable.*

Preemption aside, Counts III and IV also fail because they depend on the existence of a valid and enforceable contract.[9] But the contract at issue here—the Noncompete—is replete with unenforceable provisions which render the entire agreement void; it cannot form the basis of a valid tort claim.[10]

---

[9] "[A] claim for inducing breach of contract requires a plaintiff to prove: (1) the existence of a contract with a third party; (2) the defendant had knowledge of the contract and intended to induce its breach; (3) the third party breached the contract; (4) the defendant's unjustified or wrongful conduct caused the breach; and (5) resulting damages." *Cal. Capital Ins. Co. v. Enstar Holdings US LLC*, No. 2:20-cv-07806-ODW (JPRx), 2022 U.S. Dist. LEXIS 70285, at *6 (C.D. Cal. Apr. 15, 2022) (citing *Little v. Amber Hotel Co.*, 202 Cal. App. 4th 280, 291 (2011)). Relatedly, elements of intentional interference with contract are: "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." *United Nat'l Maint., Inc. v. San Diego Convention Ctr., Inc.*, 766 F.3d 1002, 1006 (9th Cir. 2014) (quoting *Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1126 (1990)). So, "[t]he elements of a claim for interference with contractual relations are the same as those for inducing breach of contract, except that a plaintiff must also demonstrate the defendant engaged in an independently wrongful act." *Vanguard Logistics Servs. USA Inc. v. Groupage Servs. of New England, LLC*, No. CV 18-0517 DSF (GJSx), 2022 U.S. Dist. LEXIS 92247, at *25-26 (C.D. Cal. Feb. 8, 2022) (citing *Ixchel Pharma, LLC v. Biogen, Inc.*, 9 Cal. 5th 1130, 1148 (2020)).

[10] Galderma does not allege the precise contractual provision(s) with which Revance interfered or induced Tisckos to breach. Instead, Galderma asserts Tisckos owed contractual duties not to use, disclose, retain or delete Galderma information and owed an affirmative

12

California "courts have consistently affirmed that [Cal. Bus. & Prof. Code § 16600] evinces a settled legislative policy in favor of open competition and employee mobility." *Brown v. TGS Management Co., LLC*, 57 Cal. App. 5th 303, 318-319 (2020) (quoting *Edwards v. Arthur Andersen LLP*, 44 Cal. 4th 937, 946 (2008)). Accordingly, employment agreements, like the Noncompete, that restrain a former employee from engaging in his or her chosen profession are void "unless the agreement falls within one of the exceptions to the rule," none of which are present here. *Edwards*, 44 Cal. 4th at 946-47. And courts do not construe the term "restrain" narrowly to cover "only contracts that totally prohibit an employee from engaging in his or her profession, trade, or business are illegal." *Id.* at 947. Rather, even "[a]greements that do not have this broad effect—but merely regulate some aspect of post-employment conduct . . . are . . . within the scope of section 16600." *Id.* at 947 (quotation marks omitted); *see Ixchel Pharma, LLC v. Biogen, Inc.*, 9 Cal. 5th 1130, 1158 (2020) (noting *Edwards* "rejected the argument that section 16600 only voids restraints that entirely prohibit an employee from engaging in a profession and not less restrictive limitations that are reasonable").

Galderma did not craft Section 3 of the Noncompete narrowly. Section 3's definition of Confidential Information is so far-reaching, it essentially encompasses everything Tisckos learned during his employment. Galderma defined Confidential Information to include:

> all documents or information, in whatever form or medium, concerning or relating to any of the Company's discoveries; designs; plans; strategies; models; processes; techniques; technical improvements; development tools or techniques; modifications; formulas; patterns; devices; data; product information; manufacturing and engineering processes, data and strategies; operations; products; services; business practices; policies; training manuals;

---

duty to return Galderma information. Compl. ¶¶ 83, 89. Based on these allegations, Revance understands Galderma relies on Section 3 of the Noncompete. *See id.* ¶¶ 13-16. But as noted, the Noncompete is not valid.

DEFENDANT REVANCE THERAPEUTICS, INC.'S NOTICE OF
MOTION AND MOTION TO DISMISS COMPLAINT

principals; vendors and vendor lists; suppliers and supplier lists; customers and potential customers; contractual relationships; research; development; know-how; technical data, . . . reports, recommendations and conclusions; and other business information disclosed or made available to Employee by the Company . . . .

Dkt. 4-1 at 2-3, § 3(a). Describing what Confidential Information does *not* encompass proves easier than identifying material the definition encompasses. In this way, the Noncompete's definition of Confidential Information is impermissibly overbroad, no different than the definition in *Brown*. *See Brown*, 57 Cal. App. 5th at 318-319; *see also AMN Healthcare, Inc. v. Aya Healthcare Services, Inc.*, 28 Cal. App. 5th 923, 940, 948 (2018) (finding confidentiality and related employee nonsolicitation provisions illegal under section 16600 where confidential information definition interfered with employee's right to compete). For this reason alone, the Court must dismiss Counts III and IV.

### 3.   *Galderma Fails to Plausibly Allege Revance Knew About the Noncompete.*

Moreover, Galderma's own timeline contradicts its theory that Revance induced or interfered with a contract of which it had knowledge. This also dooms both claims. *Davis v. Nadrich*, 174 Cal. App. 4th 1, 10-12 (2009) (dismissing tortious interference claim because "[plaintiff] has not brought forth any facts to show that [defendant] was sufficiently aware of the details of the partnership contract to form an intent to harm it."); *Swipe & Bite, Inc. v. Chow*, 147 F. Supp. 3d 924, 935 (N.D. Cal. 2015) (dismissing intentional and tortious interference with contract claim because the plaintiff did not allege facts showing knowledge of agreements). To explain, Galderma bases both Counts III and IV on Revance's recruitment of Tisckos. *See* Compl. ¶¶ 86, 91. But Galderma fails to allege Revance knew of the Noncompete at that time. Indeed, Galderma waited for two months until June 3, 2021, to make Revance aware of its "findings." *Id.* ¶¶ 43, 44. As the California Supreme Court has explained, "[i]ntentional interference with contractual relations has its roots in the tort of 'inducing breach of contract.' . . . The act of inducing the breach must be

14

an intentional one. If the actor had no knowledge of the existence of the contract or *his actions were not intended to induce a breach*, he cannot be held liable though an actual breach results . . . ." *Seaman's Direct Buying Serv., Inc. v. Standard Oil Co.*, 36 Cal. 3d 752, 765 (Cal. 1984), *overruled on other grounds by Freeman & Mills, Inc. v. Belcher Oil Co.*, 11 Cal. 4th 85 (Cal. 1995).

### 4.   *Galderma Fails to Allege Legally Cognizable Resulting Damages.*

Counts III and IV also lack any factual allegation showing Galderma suffered "economic harm proximately caused by the defendant's action." *Roy Allan Slurry Seal, Inc. v. Am. Asphalt South, Inc.*, 2 Cal. 5th 505, 512 (2017). "A cause of action for interference with contractual relations … require[s] the plaintiff to prove causation." *Franklin v. Dynamic Details, Inc.*, 116 Cal. App. 4th 375, 391 (2004); *see Dryden v. Tri-Valley Growers*, 65 Cal. App. 3d 990, 997 (1977) (stating where "[a] plaintiff seek[s] to hold one liable for unjustifiably inducing another to breach a contract, [the plaintiff] must allege that the contract would otherwise have been performed, and that it was breached and abandoned by reason of the defendant's wrongful act and that such act was the ***moving cause thereof***." (emphasis added)).

Here, Galderma does not allege any facts showing Revance's alleged act of inducement or interference—*recruiting/hiring Tisckos*—proximately caused any of the unspecified damages Galderma suffered. *See* Compl. ¶ 87 (alleging Galderma "has suffered damages" but not explaining the damages); *id.* ¶ 93 (same). Although Galderma states the inducement/action stems from Revance's "recruitment of Tisckos . . . ." (*id.* ¶¶ 86, 92), this allegation is a startling admission of Galderma's intent: stifling employee mobility. Regardless, the Complaint's allegations fail to explain how Revance's recruitment of Tisckos caused him to violate unspecific contractual duties to Galderma. It cannot be said that Revance's recruitment of Tisckos caused him to retain Confidential Information. Nor can Galderma claim (and it does not) that Revance's recruitment caused Tisckos to violate the Noncompete, which is unenforceable in any event. Further, Galderma fails to allege that absent Revance's alleged interference, Tisckos would not have breached the Noncompete.

The net result is that Galderma fails to allege plausibly how Revance's action proximately caused Galderma's claimed harm. This omission requires dismissal. *See Stereoscope, Ltd. Liab. Co. v. U.S. Bank Nat'l Ass'n*, 675 F. App'x 725, 726 (9th Cir. 2017) (affirming dismissal of interference with contractual relations claim due to failure to allege causation, i.e., that the contract would not have been performed absent defendant's interference).[11]

5. *Count IV—Interference with Contractual Relations—Fails Because Galderma Does Not Allege Independently Wrongful Conduct.*

Specific to Galderma's interference with contract claim (Count IV), Galderma must additionally allege Revance engaged in an independently wrongful act. *CRST Van Expedited, Inc. v. Werner Enters., Inc.*, 479 F.3d 1099, 1109 (9th Cir. 2007). The only alleged wrongful act in the Complaint, however, is Revance's recruitment and hiring of Tisckos. But California courts have held "a defendant is not subject to liability for intentional interference if the interference consists merely of extending a job offer that induces an employee to terminate his or her at-will employment." *Reeves v. Hanlon*, 33 Cal. 4th 1140, 1153 (2004); *see Lenhoff Enters. v. United Talent Agency, Inc.*, 729 F. App'x 528, 531 (9th Cir. 2018) ("[U]nder California common law, a defendant is ordinarily not subject to liability for intentional interference with contract if the interference consists merely of

---

[11] A two-year statute of limitations applies to Counts III and IV. *DC Comics v. Pac. Pictures Corp.*, 938 F. Supp. 2d 941, 948 (C.D. Cal. 2013) (citing *Kiang v. Strycula*, 231 Cal. App. 2d 809, 811-12 (1965)); *see* Cal. Civ. Proc. Code § 339(1). Galderma bases these claims on wrongdoing that occurred more than two years before it filed this suit on April 17, 2023. Specifically, Galderma alleges Tisckos violated his obligation to return Galderma property upon the termination of his employment on April 1, 2021. Compl. ¶¶ 15, 20. Tisckos then allegedly did not return his laptop until April 16, 2021. *Id.* ¶ 33(a); (d). The statute of limitations thus bars Counts III and IV to the extent Galderma bases them on this breach because Galderma knew by April 2, 2021 (and certainly before April 17, 2021) that Tisckos had not returned the laptop. *See Ritchie v. United States*, 210 F. Supp. 2d 1120, 1123 (N.D. Cal. 2002) ("Where the facts and dates alleged in a complaint demonstrate that the complaint is barred by the statute of limitations, a Federal Rule of Civil Procedure 12(b)(6) motion should be granted.").

DEFENDANT REVANCE THERAPEUTICS, INC.'S NOTICE OF
MOTION AND MOTION TO DISMISS COMPLAINT

extending an offer that induces an individual to terminate an at-will relationship."). Accordingly, Count IV fails under any scenario.

### C.    Galderma Does Not Plead a Plausible CDAFA Claim (Count V).

In Count V, Galderma claims Revance aided and abetted Tisckos' violation of California Penal Code § 502(c)—the California Computer Data Access and Fraud Act (CDAFA), which is "California's state-law analogue to the [Computer Fraud and Abuse Act]." *Ticketmaster L.L.C. v. Prestige Entm't W., Inc.*, 315 F. Supp. 3d 1147, 1174 (C.D. Cal. 2018). CDAFA "is an anti-hacking statute intended to prohibit the unauthorized use of any computer system for improper or illegitimate purpose." *Sunbelt Rentals, Inc. v. Victor*, 43 F. Supp. 3d 1026, 1032 (N.D. Cal. 2014) (citation omitted). It is "a penal statute, . . . to be strictly construed . . .." *Claridge v. RockYou, Inc.*, 785 F. Supp. 2d 855, 863 (N.D. Cal. 2011). Notably, courts view CDAFA claims premised on aiding and abetting theories with skepticism. *See Nowak v. XAPO, Inc.*, No. 5:20-cv-03643-BLF, 2020 U.S. Dist. LEXIS 219575, at *9 (N.D. Cal. Nov. 20, 2020) (citing cases for proposition CFAA does not provide civil claim for aiding and abetting).

#### 1.    *Galderma Does Not Allege Revance Actively Participated.*

First, the CDAFA does not apply to those "who took no active role in tampering with, or in gaining unauthorized access to computer systems." *Claridge*, 785 F. Supp. 2d at 863 (emphasis added). Here, Galderma does not allege Revance took any action with respect to Galderma's computer, computer system, or network. *See* Compl. ¶¶ 94-102. Instead, it seeks to impose liability on Revance because it gave an employee (Tisckos) an electronic device and access to its cloud-based storage ***after*** Tisckos allegedly deleted information from his Galderma Laptop and accessed and took Galderma data. *Id.*  ¶¶ 97, 98. To Galderma, this constitutes providing "substantial assistance" to Tisckos, but Galderma does not allege Revance took any affirmative steps directing Tisckos to violate CDAFA.

#### 2.    *Necessary Mens Rea Is Lacking.*

Second, a violation of the CDAFA requires, at a minimum, that the defendant "knowingly" assisted the hackers. Cal. Penal Code § 502(c)(6) (requiring proof defendant

17

"knowingly" provided or assisted in providing means to access computer); *see Spy Dialer, Inc. v. Reya LLC*, No. ED CV 18-1178 FMO (SHKx), 2018 U.S. Dist. LEXIS 132178, at *2 (C.D. Cal. July 26, 2018) ("[D]efendants can generally only be held liable [under CDAFA] where they 'knowingly' or 'intentionally' engage in the prohibited conduct."). Here, Galderma does not allege Revance knew of the allegedly unauthorized access when it occurred, let alone formed an intent to engage in the prohibited conduct. Instead, Galderma relies on formulaic accusations unsupported by well-pleaded facts. *See* Compl. ¶ 98. Such bald allegations fall short of the *Twombly/Iqbal* standard, and the Court can disregard them. *See id.*, at *2-3 (discussing mens rea elements under CFAA and CDAFA).

### 3. *Galderma Does Not Allege or Identify Tangible Harm or Loss.*

Finally, Count V fails because Galderma, again, fails to allege "damage or loss." The CDAFA provides that only an individual who has "suffer[ed] damage or loss by reason of a violation" may bring a civil action "for compensatory damages and injunctive relief or other equitable relief." Cal. Penal Code § 502(e)(1). Although Galderma alleges it "has been harmed" and "sustained damages in an amount to be proven at trial," it provides no detail. Compl. ¶ 101. Such failure to allege cognizable damages necessitates dismissal. *See, e.g.*, *Gonzales v. Uber Techs., Inc.*, 305 F. Supp. 3d 1078, 1090 (N.D. Cal. 2018) (dismissing CDAFA claim because "boilerplate allegations do not survive Rule 8"); *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1219 (N.D. Cal. 2014) (dismissing claim where plaintiffs failed to allege "Plaintiffs have suffered any tangible harm from the alleged Section 502 violations"). For this third and independent reason, the Court must dismiss Galderma's CDAFA claim.

//
//
//
//

DEFENDANT REVANCE THERAPEUTICS, INC.'S NOTICE OF
MOTION AND MOTION TO DISMISS COMPLAINT

## V.    CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint in its entirety and with prejudice.

DATED:  May 18, 2023                          GREENBERG TRAURIG, LLP


By  /s/ Jordan D. Grotzinger
Jordan D. Grotzinger
Attorneys for Defendant
REVANCE THERAPEUTICS, INC.


The undersigned, counsel of record for Defendant Revance Therapeutics, Inc. certifies that this brief contains 6547 words, which complies with the word limit of L.R. 11-6.1.


DATED:  May 18, 2023                          GREENBERG TRAURIG, LLP


By  /s Jordan D. Grotzinger
Jordan D. Grotzinger
Attorneys for Defendant
REVANCE THERAPEUTICS, INC.

*ACTIVE 687542132v5*

DEFENDANT REVANCE THERAPEUTICS, INC.'S NOTICE OF
MOTION AND MOTION TO DISMISS COMPLAINT