UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GALDERMA LABORATORIES, L.P.,<br><br>     Plaintiff,<br><br>   v.<br><br>REVANCE THERAPEUTICS, INC.,<br><br>     Defendant. | Case No. 2:23-cv-02879-FLA (SKx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT REVANCE THERAPEUTICS, INC.'S MOTION TO DISMISS [DKT. 33]** |

## RULING

Before the court is Defendant Revance Therapeutics, Inc.'s ("Revance") Motion to Dismiss Plaintiff Galderma Laboratories, L.P.'s ("Galderma") First Amended Complaint (the "Motion"). Dkt. 33 ("Mot."). Galderma opposes the Motion. Dkt. 38 ("Opp'n"). On August 14, 2023, the court found this matter appropriate for resolution without oral argument and vacated the hearing set for August 18, 2023. Dkt. 41; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons stated herein, the court GRANTS in part and DENIES in part the Motion. Galderma's third and fourth causes of action are DISMISSED without leave to amend. Galderma's fifth and sixth causes of action are DISMISSED with fourteen (14) days' leave to amend. The Motion is otherwise DENIED.

1

## BACKGROUND

The following facts are pleaded in the operative First Amended Complaint ("FAC") and treated as true for purposes of the subject Motion. Galderma is a pharmaceutical company specializing in the research, development, and marketing of dermatological treatments. Dkt. 31 ("FAC") ¶ 5. Revance is a direct competitor with Galderma. *Id.* ¶ 3.

This action stems from a former Galderma employee, Chad Tisckos ("Tisckos"), leaving Galderma to join Revance in April 2021. According to Galderma, Tisckos "ha[d] been preparing to leave and unfairly compete against Galderma since at least December 30, 2020," when he sent 115 emails from his Galderma email address to his personal Yahoo email account within a five-hour period. *Id.* ¶ 23. On January 8, 2021, Tisckos emailed himself a spreadsheet containing Galderma customer and product information. *Id.* ¶ 36(b).

On or about February 17, 2021, Tisckos began interviewing with Revance. *Id.* ¶ 23. During the interview process, Tisckos and Revance "discussed how to move Galderma's customers to Revance." *Id.* ¶ 24. The day after accepting employment with Revance, Tisckos downloaded "a number of highly confidential Galderma documents from Galderma's Box.com account." *Id.* ¶ 36(d). These documents were not downloaded to Tisckos' Galderma-issued laptop. *Id.* Furthermore, Tisckos approached Galderma's sales representatives for the Pasadena territory and requested information on the territory's sales and customers prior to leaving Galderma. *Id.* ¶ 29. Tisckos' new position at Revance was to conduct sales in the Pasadena territory. *Id.*

On March 13, 2021, Revance had Tisckos sign a "New Hire Checklist," in which Tisckos stated he returned and did not possess any Galderma information. *Id.* ¶ 32. According to Galderma, Revance should have known this representation was false. *Id.* ¶ 33.

On April 13, 2021, Tisckos disclosed confidential information to Revance during a sales team meeting, concerning Galderma's contracting processes and

strategies, sampling procedures, and promotional programs. *Id.* ¶¶ 49, 61–65, 81. Galderma contends Tisckos acted to usurp Galderma's customer relationships, and that Revance assisted Tisckos in "covering up" his misconduct. *Id.* ¶¶ 67–71. On June 22, 2021, Revance stated it had performed an investigation and did not discover any misconduct on Tisckos' part. *Id.* ¶ 57.

Galderma filed suit against Tisckos on July 7, 2021. *Galderma Laboratories, L.P. v. Chad Tisckos*, Case No. 2:21-cv-05522 (the "Tisckos Action"), Dkt. 1. On February 13, 2023, Galderma filed a motion to amend its Complaint to add Revance as a defendant. *Id.*, Dkt. 157. The court denied that motion, finding Galderma failed to establish good cause necessary to warrant a modification of the Scheduling Order in the Tisckos Action. *Id.*, Dkt. 185.

Galderma subsequently filed the Complaint in this action (Dkt. 4) on April 17, 2023, and the FAC on June 13, 2023. Galderma alleges six causes of action against Revance for: (i) trade secret misappropriation under the California Uniform Trade Secret Act (Cal. Civ. Code § 3246, the "CUTSA"); (ii) trade secret misappropriation under the Defend Trade Secrets Act (18 U.S.C. § 1836, the "DTSA"); (iii) inducing breach of contract; (iv) interference with contractual relations; (v) aiding and abetting a computer crimes violation of California Penal Code § 502(c) ("Section 502(c)"); and (vi) aiding and abetting a breach of the duty of loyalty. *Id.*

Revance filed the instant Motion on July 28, 2023, arguing the FAC fails to allege adequately all causes of action. *See* Mot. Galderma timely filed an Opposition (*see* Opp'n), to which Revance filed a Reply (*see* Dkt. 40).

## **DISCUSSION**

### I.  **Legal Standard**

Under Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)"), a party may file a motion to dismiss a complaint for "failure to state a claim upon which relief can be granted." The purpose of Rule 12(b)(6) is to enable defendants to challenge the legal sufficiency of the claims asserted in the complaint. *Rutman Wine Co. v. E. & J. Gallo Winery*,

829 F.2d 729, 738 (9th Cir. 1987). A district court properly dismisses a claim under Rule 12(b)(6) if the complaint fails to allege sufficient facts "to state a cognizable legal theory or fails to allege sufficient factual support for its legal theories." *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations and parentheticals omitted). "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

When evaluating a complaint under Rule 12(b)(6), the court "must accept all well-pleaded material facts as true and draw all reasonable inferences in favor of the plaintiff." *Caltex*, 824 F.3d at 1159. Legal conclusions "are not entitled to the assumption of truth" and "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. The court need not accept as true allegations that contradict matters properly subject to judicial notice or established by exhibits attached to the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended on other grounds*, 275 F.3d 1187 (9th Cir. 2001). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.*

II. Analysis

    A.    Trade Secret Misappropriation

The FAC's first and second causes of action are for violations of the CUTSA and the DTSA, respectively. FAC ¶¶ 85–106. Courts analyze CUTSA and DTSA claims together because the elements are "substantially similar." *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 657 (9th Cir. 2020); *ChromaDex, Inc. v. Elysium Health, Inc.*, 301 F. Supp. 3d 963, 970–71 (C.D. Cal. 2017). To state a claim for trade secret misappropriation under the DTSA and the CUTSA, a plaintiff must allege that: "(1) the plaintiff owned a trade secret; (2) the defendant misappropriated the trade secret; and (3) the defendant's actions damaged the plaintiff." *Cisco Sys., Inc. v. Chung*, 462 F. Supp. 3d 1024, 1046 (N.D. Cal. 2020) (citing *Alta Devices, Inc. v. LG Elecs., Inc.*, 343 F. Supp. 3d 868, 877 (N.D. Cal. 2018)).

"Plaintiffs alleging trade secret misappropriation may prove such misappropriation by circumstantial as well as direct evidence." *Tech., Inc. v. Taiwan Semiconductor Mfg. Co.*, 617 F. Supp. 2d 938, 944 (N.D. Cal. 2007) (citing *Droeger v. Welsh Sporting Goods Corp.*, 541 F.2d 790, 792 (9th Cir. 1976)). "Misappropriation means either (1) 'acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means'; or (2) the 'disclosure or use of a trade secret of another without express or implied consent.'" *Gopher Media LLC v. Mod. Doc. Media*, Case No. 3:22-cv-00131-TWR (DDL), 2023 WL 350531 (S.D. Cal. Jan. 20, 2023) (quoting 18 U.S.C. § 1839(5)(A)–(B) and Cal. Civ. Code § 3426.1(b)(1)–(2)).

Additionally, "[c]ourts distinguish between direct trade secret misappropriation claims and indirect trade secret misappropriation claims, depending on whether a plaintiff alleges that a defendant obtained the trade secrets directly from the plaintiff or indirectly from someone other than plaintiff." *Kimera Labs, Inc. v. Jayashankar*, Case No. 3:21-cv-02137-MMA (DDLx), 2022 WL 11965058, at *9 (S.D. Cal. Oct. 20, 2022) (quotation marks omitted), *aff'd on different grounds*, 560 Fed. App'x 678

5

(9th Cir. 2014)). Indirect misappropriation includes the disclosure or use of a trade secret when "at the time of disclosure or use," the individual "knew or had reason to know that the knowledge of the trade secret was ... derived from or through a person who owed a duty to the person seeking relief to maintain the secrecy of the trade secret or limit the use of the trade secret." *Id.* (quoting 18 U.S.C. § 1839(5)(B)).

Galderma argues the FAC pleads adequately that Revance is liable for misappropriation on four different theories: (i) direct misappropriation; (ii) indirect misappropriation; (iii) vicarious liability; and (iv) ratification. The court addresses each in turn.

### 1. Direct Misappropriation

Galderma first argues Revance directly misappropriated its trade secrets because Revance "had reason to know Tisckos had acquired" the information, encouraged Tisckos to acquire it, and used the information to solicit Galderma customers. Opp'n at 16 (citing FAC ¶¶ 36, 39, 64–66, 68). The facts pleaded support a theory of indirect misappropriation, not direct misappropriation. *See Kimera Labs*, 2022 WL 11965058, at *9. As such, the court finds Galderma fails to state plausibly a claim premised on direct misappropriation.

### 2. Indirect Misappropriation

Revance argues Galderma's indirect misappropriation theory fails because: (i) Galderma fails to allege "use"; and (ii) Galderma fails to establish Revance had the requisite knowledge. Mot. at 13–15.[1] With respect to "use," Revance argues that, "[a]t most, Galderma alleges Tisckos shared certain Galderma information with Revance employees," but "possession alone does not constitute misappropriation." Mot. at 13–14 (citing *Kimera Labs*, 2022 WL 11965058, at *24 and *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 399 F. Supp. 2d 1064, 1072 (N.D. Cal. 2005)).

---

[1] The court cites documents by the page numbers added by the CM/ECF system rather than any page numbers listed on the documents natively.

6

Interpreting the facts in the light most favorable to Galderma, and drawing all reasonable inferences therefrom, the court finds the FAC adequately alleges "use" insofar as it alleges Revance utilized confidential information acquired from Tisckos to solicit Galderma customers. *See* FAC ¶¶ 64–66.

Revance next argues Galderma has failed to allege Revance had the requisite knowledge to sustain its claim—i.e., that Revance "knew or should have known" the information Tisckos provided were trade secrets. Mot. at 14–15 (citing 18 U.S.C. § 1839(5)(B)). According to Revance, the information Galderma alleges Revance used are "routine subjects of discussion amongst competitors" and Galderma provides no allegations "explain[ing] why Revance knew or had reason to know the information Tisckos possessed was trade secret as opposed to just valuable or confidential." Mot. at 15.

Galderma argues the court should reasonably infer such knowledge because Revance "assisted Tisckos with covering [the misconduct] up" and "lied to Galderma about conducting an investigation[.]" Opp'n at 17. In support of its position, Galderma cites *WestRock, LLC v. Seeley*, Case No. 2:20-cv-01180-RWS, 2021 WL 2637391 (N.D. Ga. Mar. 23, 2021). In *Westrock*, the court denied defendant's motion to dismiss, finding that "the allegations about [the employee]'s behaviors and the timing of his conduct [gave] rise to the reasonable inference that [the employee] improperly downloaded [plaintiff]'s confidential materials with some incentive from [defendant.]" *Id.* at *3. In so finding, the *Westrock* court relied on facts including that the employee invited his team to follow him to defendant on his last day with plaintiff and defendant had a history of hiring plaintiff's employees. *Id.* The court found that such facts supported a reasonable inference that defendant had reason to know about its employee's alleged misconduct. *Id.*

Considering the facts in the FAC as currently pleaded, the court is unable to make a similarly reasonable inference here. Unlike *Westrock*, the FAC is devoid of any facts to establish Revance participated in or encouraged Tisckos' alleged

7

malfeasance. The FAC does not contain, for example, any allegations that Revance asked Tisckos to take any confidential information or offered to provide him an award for such. Nor does the FAC allege Revance had a history of hiring Galderma employees. Rather, the allegations in the FAC speak only to Revance's *inaction*. *See, e.g.*, FAC ¶ 34 (stating that Revance did not discipline Tisckos for his alleged malfeasance).

In the absence of further allegations to substantiate Galderma's argument that Revance possessed the requisite knowledge, the court finds Galderma fails to state plausibly a claim premised on indirect misappropriation.

### 3. Vicarious Liability

Whether an employer is vicariously liable for an employee's trade secret misappropriation under respondeat superior turns on whether the conduct "was committed within the scope of employment." *Brain Injury Ass'n of Cal. v. Yari*, Case No. 2:19-cv-05912, 2020 WL 3643482, at *5–6 (C.D. Cal. Apr. 30, 2020) (citations omitted). "Ordinarily, the determination whether an employee has acted within the scope of employment presents a question of fact; it becomes a question of law, however, when the facts are undisputed and no conflicting inferences are possible." *Lisa M. v. Henry Mayo Newhall Mem'l Hosp.*, 12 Cal. 4th 291, 299 (1995) (citation and internal quotation marks omitted). Misappropriation of trade secrets is "within the scope of employment when it is performed, at least in part, to benefit the employer, though the employer may forbid it." *SolarCity Corp. v. Pure Solar Co.*, Case No. 5:16-cv-01814-TJH (DTBx), 2016 WL 11019989, at *5 (C.D. Cal. Dec. 27, 2016) (citing *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 756 (1998)).

Here, the FAC alleges Tisckos "disclosed information on Galderma's ASPIRE program, contracts, and sampling practices to his supervisor [at Revance], who invited others in the Revance sales team group chat to join a conference call about 'competitive intel on Galderma.'" FAC ¶ 64. According to Galderma, "the express purpose of the call was to help Revance compete against Galderma ... [and] Tisckos

disclosed confidential and trade secret Galderma information to Revance." *Id.* Viewing the facts in the light most favorable to Galderma, the FAC supports a finding that Tisckos was acting within the scope of his employment with Revance when he allegedly disclosed Galderma confidential information. *See Brain Injury Ass'n*, 2020 WL 3643482, at *5–6. The court, therefore, DENIES the Motion as to Galderma's first and second causes of action for trade secret misappropriation.[2]

### B. Inducing Breach and Interference with Contractual Relations

Galderma's third and fourth causes of action are for inducing breach of contract and interference with contractual relations, respectively. FAC ¶¶ 107–18. As an initial matter, Revance argues the CUTSA preempts these causes of action. Mot. at 18–19. The CUTSA "preempt[s] claims based on the same nucleus of facts as trade secret misappropriation." *K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*, 171 Cal. App. 4th 939, 962 (2009); *see also* Cal. Civ. Code § 3426.[3] The statute "supersedes claims based on the misappropriation of confidential information, whether or not that information meets the statutory definition of a trade secret." *Mattel, Inc. v. MGA Ent., Inc.*, 782 F. Supp. 2d 911, 987 (C.D. Cal. 2011). "The test for whether a claim overlaps with the CUTSA involves 'a factual inquiry, one that examines the conduct alleged in the claim.'" *Lifeline Food Co. v. Gilman Cheese Corp.*, Case No. 5:15-cv-00034-PSG, 2015 WL 2357246, at *1 (N.D. Cal. May 15, 2015) (quoting *K.C. Multimedia*, 171 Cal. App. 4th at 958).

/ / /

---

[2] As the court finds Galderma has pleaded adequately its trade secret misappropriation claims under a theory of respondeat superior, it need not address the parties' arguments regarding ratification.

[3] The CUTSA expressly permits claims seeking "contractual remedies, whether or not based upon misappropriation of a trade secret." Cal. Civ. Code § 3426.7(b). However, Galderma's third and fourth causes of action sound in tort. *See Loop AI Labs Inc. v. Gatti*, Case No. 4:15-cv-00798, 2015 WL 5158461, at *3 (N.D. Cal. Sept. 2, 2015).

9

"A common law tort claim is not displaced by the CUTSA where the alleged wrongdoing 'is not based on the existence of a trade secret.'" *Loop AI*, 2015 WL 5158461, at *2 (quoting *Angelica Textile Servs., Inc. v. Park*, 220 Cal. App. 4th 495, 508 (2013)). "In other words, preemption generally applies where 'there is no material distinction' between the wrongdoing underlying the [trade secret] claim and [non-trade secret] claim." *ATS Prods., Inc. v. Ghiorso*, Case No. 3:10-cv-04880-BZ, 2012 WL 253315, at *2 (N.D. Cal. Jan. 26, 2012) (citation omitted). To survive preemption, a plaintiff must allege materially distinct wrongdoing such that the claim remains viable after removing the trade secret facts. *See GeoData Sys. Mgmt., Inc. v. Am. Pac. Plastic Fabricators, Inc.*, Case No. 2:15-cv-04125-VAP (JEMx), 2016 WL 6601656, at *8 (C.D. Cal. July 25, 2016) (finding claim for breach of fiduciary duty by use of misappropriated information not materially distinct from CUTSA claims).

Galderma's third cause of action alleges Revance "intended for Tisckos to breach his contractual duties to Galderma so that Revance could obtain the benefit of Galderma's information." FAC ¶ 110. Galderma's fourth cause of action alleges Revance "intended for Tisckos to breach his contractual duties to Galderma so that Revance could obtain the benefit of Galderma's information and so that Galderma would not obtain the benefits of its contract with Tisckos." *Id.* ¶ 116. Both causes of action are premised on Revance's inducement of Tisckos' alleged misconduct to obtain Galderma's confidential information. These claims, therefore, arise out of the same "nucleus of facts" as the trade secret misappropriation claims. *See K.C. Multimedia*, 171 Cal. App. 4th at 962. The court, thus, finds the CUTSA preempts Galderma's third and fourth causes of action, GRANTS the Motion as to those claims, and finds that amendment would be futile given the common "nucleus of facts" at issue. *See Navigation Holdings, LLC v. Molavi*, 445 F. Supp. 3d 69, 82 (N.D. Cal. 2020) (finding tortious interference claim preempted by CUTSA and denying leave to amend).

///

### C. Section 502(c)

Galderma's fifth cause of action is for violation of Section 502(c). FAC ¶¶ 119–127. Section 502(c) imposes liability on any person who "knowingly accesses and without permission takes, copies, or makes use of any data from a computer, computer system, or computer network." Cal. Penal Code § 502(c)(2). Though Section 502(c) is a criminal statute, it empowers the owner of the affected computer system to "bring a civil action against the violator for compensatory damages and injunctive relief or other equitable relief." *Id.* § 502(e)(1). Section 502(c) "is an anti-hacking statute intended to prohibit the unauthorized use of any computer system for improper or illegitimate purpose." *Sunbelt Rentals, Inc. v. Victor*, 43 F. Supp. 3d 1026, 1032 (N.D. Cal. 2014) (citation omitted).

Revance argues Galderma's Section 502(c) claim should be dismissed because the statute "does not apply to those 'who took no active role in tampering with, or in gaining unauthorized access to computer systems.'" Mot. at 25 (citing *Claridge v. RockYou, Inc.*, 785 F. Supp. 2d 855, 863 (N.D. Cal. 2011). Galderma counters that Revance is liable as an aider and abettor. *See* Opp'n at 27. In *Claridge*, the court granted a motion to dismiss a Section 502(c) claim where plaintiff sought "to impose liability on [a] defendant for *third party* hackers' unauthorized access of and tampering with defendant's system." 785 F. Supp. 2d at 863 (emphasis in original). Unlike the facts here, the plaintiff in *Claridge* did not allege the defendant participated in or assisted the third party's hacking or disclosure. *See id.* Revance's reliance on *Claridge,* therefore, is misplaced.

Under California law, claims for aiding and abetting an intentional tort require a showing of (i) substantial assistance and (ii) knowledge. *Lorenz v. E. W. Bancorp, Inc.*, Case No. 2:15-cv-06336-CAS (FFMx), 2016 WL 199392, at *7 (C.D. Cal. Jan. 14, 2016). The FAC alleges Tisckos violated Section 502(c) "by deleting information from his Galderma Laptop computer and by accessing and taking Galderma data using the Galderma Laptop after his employment had ended[.]" FAC ¶ 122. The FAC

further states that Revance gave "substantial assistance to Tisckos" by: "falsely claiming to Galderma it had performed a thorough investigation and verified that Tisckos did not have, use, or disclose Galderma information"; "falsely claiming that Tisckos did not work with his former Galderma customers"; and "by providing [Tisckos] with device and access to cloud-based storage at the same time Tisckos was in possession of Galderma's electronic storage devices[.]" *Id.* ¶ 123. The FAC, therefore, sufficiently pleads substantial assistance.

With respect to knowledge, however, the FAC does not allege that Revance knowingly provided substantial assistance to Tisckos with respect to the acts underlying Galderma's Section 502(c) claim (i.e., the deletion and/or access of Galderma information). At most, the FAC alleges Revance made misrepresentations to Galderma which delayed discovery of Tisckos' alleged misconduct. This is insufficient. The court, therefore, GRANTS this portion of the Motion and DISMISSES Galderma's Section 502(c) claim, with leave to amend.

### D. Duty of Loyalty

Galderma's sixth cause of action alleges Revance aided and abetted Tisckos' breach of his duty of loyalty to Galderma. FAC ¶¶ 128–36. Revance argues "the statute of limitations for claims of aiding and abetting breach of duty of loyalty is two years." Mot. at 28 (citing *Genentech, Inc. v. JHL Biotech, Inc.*, Case No. 3:18-cv-06582-WHA, 2019 WL 1045911, at *13 (N.D. Cal. Mar. 5, 2019)) (cleaned up). Revance further argues Tisckos' duty of loyalty to Galderma ceased on April 1, 2021—the last day of Tisckos' employment. *See id.* (citing *Calsoft Labs, Inc. v. Panchumarthi*, Case No. 5:19-cv-04398-NC, 2020 WL 512123, at *2 (N.D. Cal. Jan. 31, 2020) ("A fiduciary duty generally ends when the fiduciary resigns his office.") (citation omitted)). Therefore, according to Revance, the claim is untimely, because the Complaint was filed on April 17, 2023, more than two years after Tisckos' employment ended. *See id.*

/ / /

Galderma does not respond to Revance's allegations regarding the timeliness of the claim. *See* Opp'n at 29–30. The court, therefore, GRANTS as unopposed the Motion as to Galderma's sixth cause of action. *See Stitching Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("In most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue.") (citations omitted). The court DISMISSES Plaintiff's sixth cause of action, with leave to amend.

## CONCLUSION

For the reasons set forth above, the court GRANTS in part and DENIES in part the Motion. Galderma's third and fourth causes of action are DISMISSED without leave to amend. Galderma's fifth and sixth causes of action are DISMISSED with fourteen (14) days' leave to amend. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (leave to amend is granted with "extraordinary liberality"). The Motion is otherwise DENIED.

IT IS SO ORDERED.

Dated: March 29, 2024

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge