UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GALDERMA LABORATORIES, L.P.,<br><br>        Plaintiff,<br><br>    v.<br><br>CHAD TISCKOS,<br><br>        Defendant. | Case Nos. 2:21-cv-05522-FLA (SKx)<br>2:23-cv-02879-FLA (SKx)<br><br>**ORDER TO SHOW CAUSE WHY DEFENDANT REVANCE THERAPEUTICS, INC. DID NOT WAIVE CONFLICTS OF INTEREST PURSUANT TO ITS JULY 1, 2021 JOINT REPRESENTATION AGREEMENT WITH SHEPPARD MULLIN AND DEFENDANT TISCKOS** |
| GALDERMA LABORATORIES, L.P.,<br><br>        Plaintiff,<br><br>    v.<br><br>REVANCE THERAPEUTICS, INC.,<br><br>        Defendant. | Hearing Date: August 23, 2024<br>Hearing Time: 1:30 p.m.<br>Courtroom: 6B |

1

## ORDER TO SHOW CAUSE

Before the court are two cases brought by Plaintiff Galderma Laboratories, L.P. ("Plaintiff"). The first is against Chad Tisckos ("Tisckos"), Case No. 2:23-cv-05522-FLA (SKx) ("Tisckos Case"). The second is against Revance Therapeutics, Inc. ("Revance"), Case No. 2:23-cv-02879-FLA (SKx) ("Revance Case"). The cases are related as they "[a]rise from the same or closely related transactions, happenings, or events," and involve claims by Plaintiff that its former employee, Tisckos, used and shared with his subsequent employer, Revance, Plaintiff's trade secrets to Plaintiff's detriment and for the benefit of Tisckos and Revance. Revance Case, Dkt. 13.

On April 29, 2024, in the Tisckos Case, Tisckos' counsel of record, Sheppard Mullin Richter & Hampton LLP ("Sheppard Mullin"), filed an *ex parte* application to withdraw from its representation of Tisckos ("Application") "due to conflicts from its prior representation of [Revance]." Tisckos Case, Dkt. 291 ("Appl.") at 3.

For the reasons described below, the court ORDERS Revance TO SHOW CAUSE, in writing only, by July 12, 2024, why it has not waived all conflicts of interest consistent with its July 2, 2021 joint representation agreement with Sheppard Mullin and Tisckos, such that Sheppard Mullin's withdrawal from its representation of Tisckos is not mandatory.

## BACKGROUND

"On July 2, 2021, Tisckos and Revance signed a joint engagement agreement retaining Sheppard Mullin to jointly represent them in this dispute with Plaintiff [], including this litigation and any related claims or proceedings." Appl. at 11. Five days later, on July 7, 2021, Plaintiff filed its complaint in the Tisckos Case. Tisckos Case, Dkt. 1. On August 23, 2021, Tisckos filed his answer to the complaint. *Id.*, Dkt. 22. In November 2022, Revance terminated Sheppard Mullin as its counsel; however, Sheppard Mullin continued to represent Tisckos. Appl. at 11–12. On April 17, 2023, Plaintiff filed its complaint against Revance. Revance Case, Dkt. 4.

1  On October 6, 2023, Sheppard Mullin filed a motion to withdraw from its representation of Tisckos because Tisckos was not in compliance with the terms of his engagement agreement.  Appl. at 12 (citing Dkt. 272).  On November 3, 2023, the court held a hearing and denied the motion.  *Id.* (citing Dkt. 276).

Six months later, on April 29, 2024, Sheppard Mullin filed the instant Application to withdraw from its representation of Tisckos.  *See* Appl.  In advance of filing the Application, Sheppard Mullin asked Revance to waive the conflict, and Revance refused.  Appl. at 3.  Sheppard Mullin now contends withdrawal is mandatory because its representation of Tisckos conflicts with its former client, Revance, under Cal. R. Prof. Cond. 1.9(a) and 1.16(a), and Revance will not waive the conflict.  *See* Appl. at 3.  The Application did not include the July 2, 2021 joint representation agreement with Revance and Tisckos.

On June 17, 2024, the court ordered Sheppard Mullin to file or lodge *in camera* all agreements and conflict waivers relating to its representation of Tisckos and/or Revance, vacated the final pretrial conference set for June 21, 2024, and set a status conference regarding Sheppard Mullin's representation of Tisckos for June 21, 2024 at 1:30 p.m.  Tisckos Case, Dkt. 319.  On June 18, 2024, Sheppard Mullin lodged *in camera* documents responsive to the court's June 17, 2024 Order.[1]

At no time between November 2022, when Revance terminated Sheppard Mullin as its counsel, and April 29, 2024, did Sheppard Mullin apply to withdraw from its representation of Tisckos because of a conflict of interest with its former client, Revance.

## **DISCUSSION**

"A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client <u>unless the</u>

---

[1] Sheppard Mullin, however, failed to file a notice of lodging.

<u>former client gives informed written consent</u>." Cal. R. Prof. Cond. 1.9(a) (emphasis added). "[A] lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if … the lawyer knows or reasonably should know that the representation will result in violation of these rules or of the State Bar Act." Cal. R. Prof. Cond. 1.16(a)(2). However, "[i]f permission for termination of a representation is required by the rules of a tribunal, a lawyer shall not terminate a representation before that tribunal without its permission." Cal. R. Prof. Cond. 1.16(c). Pursuant to the Local Rules, "[a]n attorney may not withdraw as counsel except by leave of court." Local Rule 82-2.3.2. "The motion for leave to withdraw must be supported by good cause." *Id.*

Here, Sheppard Mullin argues it must now withdraw from its representation of Tisckos due to a conflict of interest arising from its prior representation of Revance pursuant to Cal. R. Prof. Cond. 1.9(a). *See* Appl. at 3. This rule, however, explains a former client can waive the conflict if it provides "informed written consent." Cal. R. Prof. Cond. 1.9(a). The court has reviewed the documents lodged *in camera* by Sheppard Mullin on June 18, 2024, and it appears Revance provided such informed written consent. Accordingly, the court ORDERS as follows:

1. The status conference in the Tisckos Case set for June 21, 2024, is VACATED.
2. The trial date in the Tisckos Case, set for July 9, 2024, is VACATED.
3. Revance is ORDERED TO SHOW CAUSE, in writing only, by July 12, 2024, why it has not waived all conflicts of interest consistent with its July 2, 2021 joint representation agreement with Sheppard Mullin and Tisckos, such that Sheppard Mullin's withdrawal from its representation

4

of Tisckos is not mandatory.  Revance shall file its response only in the Tisckos Case.[2]

4. Any response by Plaintiff or Tisckos shall be filed by July 26, 2024.

5. If necessary to protect any attorney-client privileged communication, the parties may file redacted responses on the public docket and lodge unredacted versions of the same *in camera*.

6. A hearing on the Application shall be conducted on August 23, 2024, at 1:30 p.m.

IT IS SO ORDERED.

Dated: June 20, 2024

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

---

[2] The court will add Revance as a movant in the Tisckos Case, and thus Revance will be able to file its response therein.

5