UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GALDERMA LABORATORIES LP, <br><br> Plaintiff, <br><br> v. <br><br> REVANCE THERAPEUTICS, INC., <br><br> Defendant. | Case No. 2:23-cv-02879-FLA (SKx) <br><br> **ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE CONSOLIDATED WITH GALDERMA LABORATORIES LP V. CHAD TISCKOS, CASE NO. 2:21-CV-05522** |

## **ORDER TO SHOW CAUSE**

Pursuant to Fed. R. Civ. P. 42(a), a court may consolidate actions involving "a common question of law or fact" and has "broad discretion under this rule to consolidate cases pending in the same district." *Invs. Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989); *see also In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987) (courts "may consolidate cases *sua sponte*") (citation omitted). "To determine whether to consolidate, a court weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." *Paxonet Commc'ns, Inc. v. TranSwitch Corp.*, 303 F. Supp. 2d 1027, 1028 (N.D. Cal. 2003) (citation omitted).

Here, it appears the benefits of judicial economy and convenience from consolidating this action with *Galderma Laboratories LP v. Chad Tisckos*, Case No. 2:21-cv-05522-FLA (SKx) ("Tisckos Action") outweighs any potential for delay, confusion, and prejudice, as the actions have overlapping parties and seem to involve the same issues regarding alleged trade secret theft. Accordingly, the parties are ORDERED TO SHOW CAUSE, in writing only, by October 18, 2024, why this action should not be consolidated with the Tisckos Action. Responses shall be limited to five (5) pages in length.

In the event a notice of settlement is filed in this action on or before October 18, 2024, this Order shall be discharged, and no response shall be required.

IT IS SO ORDERED.

Dated: September 19, 2024

FERNANDO L. AENLLE-ROCHA
United States District Judge